**RICKEY IVIE, ESQ. (State Bar No. 76864)**
Email: Rivie@imwlaw.com
**ANTONIO K. KIZZIE, ESQ. (State Bar No. 279719)**
Email: akizzie@imwlaw.com
**JACK F. ALTURA, ESQ. (State Bar No. 297314)**
Email: jaltura@imwlaw.com
**IVIE, McNEILL & WYATT**
444 S. Flower Street, Suite 1800
Los Angeles, California 90071
Tel.   (213) 489-0028
Fax   (213) 489-0552

Attorneys for Defendant, County of Los Angeles, et.al.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE COTTON,<br><br>        Plaintiff,<br><br>    vs.<br><br>COUNTY OF LOS ANGELES, a governmental entity;  and LOS ANGELES COUNTY SHERIFF ALEX VILLANUEVA, and DOES 1 to 50, inclusive,<br><br>        Defendants. | CASE NO.:<br><br>LASC Case No.:   19STCV09953<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1441(a) AND 1446(a); AND DECLARATION OF ANTONIO K. KIZZIE**<br><br>Complaint Filed:   March 21, 2019 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

   **PLEASE TAKE NOTICE** that Defendant COUNTY OF LOS ANGELES hereby removes this action from the Superior Court for the State of California, County of Los Angeles to the United States District Court for the Central District of California.  The removal is made pursuant to 28 U.S.C. §§ 1441 (a), 1446(a), on the facts set forth below:

   1.    The COUNTY OF LOS ANGELES, and LOS ANGELES COUNTY SHERIFF ALEX VILLANUEVA are named as defendants in this civil action filed

-1-

in the Superior Court of the State of California; County of Los Angeles entitled STEVE COTTON, *an individual; v. COUNTY OF LOS ANGELES, a governmental entity; LOS ANGELES COUNTY SHERIF ALEX VILLANUEVA, an individual, and DOES 1 through 50, inclusive,* Superior Court Case No. 19STCV09953. Plaintiff STEVE COTTON ("Plaintiff") filed this Complaint on March 21, 2019. A true and correct copy of Plaintiff's Summons and Complaint, is attached as **Exhibit 1**.

2.    Defendant COUNTY OF LOS ANGELES was served on April 12, 2019.

3.    This action meets the original jurisdiction requirements of 28 U.S.C. § 1441(a) and is removable by Defendants pursuant to 28 U.S.C. § 1446(a). A case is removable from state to federal court if the action could have been originally commenced in federal court. 28 U.S.C. § 1441(a); *Grubbs v. General Electric Credit Union Corp.*, 405 US 699, 702 (1972). The propriety of removal is determined at the time the petition for removal is filed by the reference to Plaintiff's Complaint filed in state court. *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 343-44 (3d Cir. 1974). When the Complaint states a claim invoking the original jurisdiction of the federal court, the action is removable. *Id.* Under the Judicial Code, federal district courts have original jurisdiction in the district courts over all actions brought under 42 U.S.C. §1343(a)(3). Moreover, the Code confers original jurisdiction in the district courts over all actions involving federal questions. *See* 28 U.S.C. § 1331.

4.    The gravamen of this action is the federal civil rights claims set forth in the first, third, and fourth causes of action of Plaintiff's Complaint.

5.    State claims are also asserted in the second, fifth, and sixth causes of action of the Complaint. When an action originally filed in state court is removed to federal court, the federal tribunal has jurisdiction to determine not only the federal claims but all pendent state claims which derive "from a common nucleus

-2-

of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L.Ed. 2d 218 (1996).

6. Defendant COUNTY OF LOS ANGELES, consents to this removal. (See Declaration of Antonio K. Kizzie).

7. All of the defendants who have been served consent to the removal of this matter. Accordingly, there is no other defendant(s) who needs to consent in order for this case to be removed. 28 U.S.C. Code §1446(b)(2)(A)

8. The Notice of Removal is filed with this Court within 30 days after Defendant was served with the Complaint on April 12, 2019. (See Declaration of Antonio K. Kizzie).

9. The Notice of Removal is being filed in this Court and in the Superior Court of the State of California, County of Los Angeles.

**WHEREFORE**, the above-entitled action, now pending in the Superior Court of the State of California, County of Los Angeles, is removed to the United States District Court for the Central District of California.

Dated: April 22, 2019

**IVIE, McNEILL & WYATT**

By: ____*/s/ Antonio K. Kizzie*____
Rickey Ivie
Antonio K. Kizzie
Jack F. Altura
Attorneys for Defendants,
COUNTY OF LOS ANGELES, et al.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§§1441(A) AND 146(A)

## DECLARATION OF ANTONIO K. KIZZIE

I, ANTONIO K. KIZZIE, declares as follows:

1.      I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, in the United States District Court for the Central, Northern, Eastern and Southern Districts of California, United States District Court of Colorado, the District of Columbia Court of Appeals, the United States District Court for the District of Columbia, and the United States Supreme Court. I am a senior associate in the Law Firm of Ivie, McNeill & Wyatt, counsel for Defendant County of Los Angeles in the within action.  The statements contained in this declaration are made of my personal knowledge except as to those statements expressly stated to be made under information and belief.  If called to testify as a witness, I could and would competently testify to the facts set forth herein below.

2.      Attached hereto as Exhibit 1, is a true and correct copy of Plaintiff's Complaint and the Summons (served on the Board of Supervisors along with the Complaint) stamped by the Board of Supervisors office on or about April 8, 2019.

3.      All of the defendants, who have been served, consent to the removal of this matter.  Accordingly, there are no other defendants who need to consent in order for this case to be removed.

4.      The Notice of Removal is filed with this Court within 30 days after Defendants COUNTY OF LOS ANGELES, was served with the Complaint on or about April 12, 2019.

5.      The Notice of Removal is being filed in this Court and in the Superior Court of the State of California, County of Los Angeles.

I declare under penalty of perjury to the laws of the United States of America that the foregoing is true and correct.

-4-

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§§1441(A) AND 146(A)

Executed on this 22nd day of April, 2019 at Los Angeles, California.

/s/ *Antonio K. Kizzie*
Antonio K. Kizzie, Declarant

-5-

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§§1441(A) AND 146(A)

# EXHIBIT

# 1

ctronically FILED by Superior Court of California, County of Los Angeles on 03/21/2019 12:50 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
19STCV09953

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF
ALEX VILLANUEVA, and DOES 1 to 50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEVE COTTON

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

2019 APR -8 PM 3: 20

FILED

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Stanley Mosk Courthouse
111 N. Hill Street

| CASE NUMBER: |
| --- |
| *(Número del Caso):* |
| 19STCV09953 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAAYE PERSON-LYNN, ESQ, 200 Corporate Pointe, Suite 495, Culver City, CA 90230, 310.642.0600

DATE: 03/21/2019
*(Fecha)*

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by _____ Ricardo Perez , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* County of Los Angeles

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 4-8-2018

Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

19STCV09953

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Steven Kleifield

PERSON-LYNN LAW OFFICE
JAAYE PERSON-LYNN, ESQ. SBN 269614
200 Corporate Pointe, Suite 495
Culver City, CA 90230
Tel.: 310.642.0600
Fax.: 310.642.4710

Attorneys for Plaintiff,
STEVE COTTON,

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| STEVE COTTON,<br><br>              Plaintiffs,<br><br>      vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF ALEX VILLANUEVA, and DOES 1 to 50 inclusive,<br><br>              Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES:<br><br>1. EXCESSIVE USE OF FORCE<br>2. ASSAULT AND BATTERY<br>3. FAILURE TO TRAIN AND SUPERVISE<br>4. UNLAWFUL SEARCH AND SEIZURE<br>5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>6. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br><br><br><br><br><br><br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

- 1 -
COMPLAINT FOR DAMAGES

## INTRODUCTORY STATEMENT

1.    This is a civil action seeking money damages against deputies of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and the COUNTY OF LOS ANGELES, for committing acts, under color of law, which deprived Plaintiff STEVE COTTON, of rights secured under the Constitution and laws of the United States and the State of California.

## JURISDICTIONAL STATEMENT

2.    This action is brought pursuant to Cal. Civ. Code §52.1, California Constitution Article 1 §1 and §13, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    On June 22, 2018, Plaintiff Steve Cotton filed a claim with the COUNTY OF LOS ANGELES in order to comply with applicable claim filing requirements. The COUNTY OF LOS ANGELES rejected said claims on August July 30, 2018 and mailed the notice of the rejected claim August 1, 2018.

## PARTIES

4.    Plaintiff Steve Cotton, (hereinafter referred to "Plaintiff") is and was at all times mentioned herein, residents of the County of Los Angeles, State of California.

5.    Defendant COUNTY OF LOS ANGELES (hereinafter referred to as the "COUNTY" or "COUNTY OF LOS ANGELES") is a county corporation, organized and existing under the

- 2 -
COMPLAINT FOR DAMAGES

laws of the State of California. In this case, the COUNTY acted through individual officers of the Los Angeles County Sheriff's Department.

6. Defendant SHERIFF ALEX VILLANUEVA (hereinafter referred to as "SHERIFF") is currently the Sheriff of the Los Angeles County Sheriff's Department, but was not when this cause of action arose.

7. Plaintiffs are informed and believe that DEPUTIES, DOES 1-50, are and were at all times relevant for purposes of this action, deputies of the Los Angeles County Sheriff's Department.

8. DOES 1 to 50 are sued herein under fictitious names. Their true names are unknown to Plaintiffs. When their true names are ascertained, Plaintiffs will amend this Complaint by inserting their true names herein.

9. Plaintiffs are informed and believe, and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages herein alleged were proximately caused by those Defendants.

10. At all times referred to herein, Defendants DOES 1 to 50 acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of California, the COUNTYY OF LOS ANGELES, and the LOS ANGELES COUNTY Sheriff's Department, and pursuant to their authority as deputies, sergeants and detectives of said Department and COUNTY.

- 3 -
COMPLAINT FOR DAMAGES

11. Plaintiffs sue Defendants DOES 1 to 50 each in their individual and official capacities.

## FACTS COMMON TO ALL COUNTS

12. On June 18, 2018, around 1:00pm, Plaintiff was driving Westbound on the Interstate 10 freeway abiding by all laws, rules and regulations of the road.

13. While driving, and after following Mr. Cotton for approximately 20 miles Defendant DOE 1 a Latina Deputy, pulled over Plaintiff by flashing her forward facing lights and alarming her siren. DOES 2-50 blocked the Westbound traffic on the Interstaet 10 freeway near the Central Avenue Exit.

14. Plaintiff was then approached by Defendant, DOE 2, who yelled a command at Plaintiff to throw his keys out the window, exit the vehicle, and get down on the concrete. Plaintiff complied exactly as instructed. Every Deputy on the freeway had their guns drawn and pointed at Plaintiff.

15. Once on the ground, Plaintiff was told to get up and walk backwards to the officer's area where he was handcuffed, searched and thrown in the back of a Sheriff vehicle. Only after Plaintiff was placed in the Sheriff's vehicle did the deputies put their guns down.

16. Once in the Sheriff vehicle, Plaintiff saw a deputy, DOE 3, a Latino man, drive his vehicle to the side of the road and saw multiple deputies begin to search his vehicle without his consent and without being told why he was being arrested. The unlawful search took between 20-30 minutes.

17. Once the Deputies searched the vehicle and did not find anything illegal, the Deputies reopened the West bound freeway. One Deputy, DOE 3, drove Plaintiff's vehicle off the freeway and commenced to searching Plaintiff's vehicle again, which also took 20-30

- 4 -
COMPLAINT FOR DAMAGES

minutes. There was a helicopter above as well that left the scene once the Deputies moved Plaintiff's car out off of the Freeway. Plaintiff still was not told the reason he was stopped.

18. After the second search of Plaintiff's vehicle, DOE 1 and DOE 2 came to the vehicle Plaintiff was still sitting handcuffed in and told him there was a robbery in the area and that his car fit the description. They also told him he was free to go and laughed in his face about the entire situation.

19. PLAINTIFF sustained injuries to his left arm from the tightness of the handcuffs and has ulner nerve damage. Plaintiff suffered from pain previous to the detention but it has since increased.

20. No evidence of wrong doing on behalf of Plaintiff was discovered, yet he was made to wait, being publically humiliated for what seemed to be over an hour.

21. As a further proximate cause of the acts of DOES 1-50 Plaintiff was compelled to secure the services of an attorney at law, and by virtue thereof, Defendants are liable for reasonable attorneys' fees pursuant to Cal. Civ. Code §52.1.

## FIRST CAUSE OF ACTION
## EXCESSIVE USE OF FORCE

22. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

## COUNT 1
**Plaintiff COTTON against DOES 1-50**

23. Plaintiff Cotton was handcuffed extremely tight and thrown into a sheriff vehicle by DOE 1 and 2.

24. Plaintiff was grabbed roughly about his arms and body as DOES 1-50 and detained him.

- 5 -
COMPLAINT FOR DAMAGES

25. DOES 1-50 intentionally exercised force without Plaintiff's consent.

26. DOES 1-50 did not have lawful privilege to exercise such force.

27. The forced used by DOES 1-50 was excessive because it was not reasonably necessary under the circumstances. Plaintiff was complying with all lawful orders.

28. As a direct and proximate result of the aforedescribed unlawful and malicious physical abuse of Plaintiff by Defendants DOES 1-50, committed under color of law and under each individual's authority as a COUNTY OF LOS ANGELES Sheriff, PLAINTIFF suffered grievous bodily harm and was deprived of his rights to be secure in his person against unreasonable seizure and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and Cal. Civ. Code §52.1.

29. As a further direct and proximate result of the malicious and outrageous conduct of Defendants DOES 1-50, as aforedescribed, Plaintiff suffered severe and permanent injuries and damages, causing Plaintiff KESSEE great pain, anguish, and fear. Additionally, Plaintiff has suffered special damages in the form of medical damages, missed work, and will suffer additional special damages in an amount which has not yet been determined.

30. The acts of DOES 1-50, were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages against said Defendants in their individual capacities.

- 6 -
COMPLAINT FOR DAMAGES

31. By reason of the aforedescribed acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute and prosecute the within action, and to render legal assistance to Plaintiff so that they might vindicate the loss and impairment of his rights, and by reason thereof, Plaintiff requests payment by Defendants of a reasonable sum of attorneys' fees pursuant to Cal. Civ. Code §52.1.

## SECOND CAUSE OF ACTION
## ASSAULT AND BATTERY

32. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 31 of this Complaint as though fully set forth herein.

## COUNT 1
**Plaintiff against Deputies DOES 1-50, COUNTY, and SHERIFF**

33. On June 18, 2018, DEPUTY DOES 1-50 forced Plaintiff's arms behind his back and put handcuffs on him extremely tight.

34. DEPUTIES DOES 1-50, willfully and maliciously assaulted and battered Plaintiff by forcing his arms behind his back when he had committed no crime and there was no reasonable suspicion thereof.

35. Defendants engaged in the above described conduct with the intent to cause and did cause Plaintiff to suffer apprehension of an immediate harmful contact.

- 7 -
COMPLAINT FOR DAMAGES

36. Defendants engaged in the above described conduct with the intent to offend and harm, and did cause harm, to Plaintiff.

37. At no time did Plaintiff consent to the above described conduct.

38. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries.

39. DEPUTIES DOES 1-50 were acting within the scope of their employment during the incident.

40. The COUNTY OF LOS ANGELES and THE SHERIFF ALEX VILLANUEVA are liable for the injuries proximately caused by the acts and omissions of their employees within the scope of their employment, if the acts or omissions would have given rise to a cause of action against those employees, pursuant to CA Gov. Code §815.2.

## THIRD CAUSE OF ACTION
## FAILURE TO TRAIN AND SUPERVISE
### (All Plaintiffs against County)

41. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. At all times relevant to this Complaint, Defendants DOES 1 to 50, worked as sheriffs of the COUNTY OF LOS ANGELES, were acting under the direction and control of the COUNTY OF LOS ANGELES, which acted through its agents and employees who were responsible for making policy of the Sheriff's Department, its officers and operations, and were acting

pursuant to either official policy or the practice, custom and usage of the COUNTY OF LOS ANGELES and its Sheriff Department.

43. On Information and Belief at least one DOE Defendant was a SERGEANT present while DEPUTIES DOES 1-50 battered, assaulted and used excessive force against the Plaintiff. They failed to supervise and control the Defendant SHERIFFS, and thereby acquiesced in the constitutional deprivation of Plaintiffs' rights. The Sergeants are liable in their individual capacities for their culpable indifference to the rights of the Plaintiff.

44. The COUNTY demonstrated deliberate indifference to the constitutional rights of the Plaintiff by failing to adequately train the Defendant DEPUTIES DOES 1-50. As a result of the Defendant DEPUTIES' inadequate training, Plaintiff suffered a injury to his arm. The COUNTY is liable for the constitutional violation of the Plaintiffs' rights and the injuries sustained.

## FOURTH CAUSE OF ACTION
## UNLAWFUL SEARCH AND SEIZURE

45. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. DOES 1-50 entered the vehicle of Plaintiff, who had not committed any vehicle code violations or given any consent to search his vehicle. The DEPUTIES entrance into the vehicle and seizure of Plaintiff was wrongful because they did not have probable cause, a warrant, or consent to enter or seize.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. Plaintiff COTTON had his life put on the line for no good reason as he had committed no crime. There were several firearms pointed directly at him by the various deputies as he exited his vehicle. Any false move would have resulted in death or great bodily injury.

49. The Deputies actions were Intentional, extreme and outrageous given the circumstances, the Deputies' actions were the direct cause of COTTON's sever emotional distress and COTTON has been under the care of a mental health professional since due to the extreme emotional and psychological distress he suffered from and still suffers from.

## FIFTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

50. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. If the Deputies actions were not Intentional, they were certainly Negligent, and the Deputies' actions were the direct cause of COTTON's sever emotional distress and COTTON has been under the care of a mental health professional since due to the extreme emotional and psychological distress he suffered from and still suffers from.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them as follows:

1. General damages according to proof;

2. Special damages according to proof;

3.  Punitive damages as to DEPUTIES DOES 1 to 50 in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

4.  Attorney's fees;

5.  Loss of earnings, past and future;

6.  For interest as allowed by law;

7.  Costs of suit incurred herein; and

8.  For such other and further relief as the Court may deem proper;

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a trial by jury.

DATED: March 21, 2019                    Respectfully Submitted,


                                         PERSON-LYNN LAW OFFICE



                                         ᴀAYE PERSON-LYNN, ESQ.
                                         Attorney For Plaintiffs

- 11 -
COMPLAINT FOR DAMAGES

ctronically FILED by Superior Court of California, County of Los Angeles on 03/21/2019 02:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JAAYE PERSON-LYNN, ESQ. 269614<br>200 Corporate Pointe, Suite 495<br>Culver City, CA 90230<br>TELEPHONE NO.: 310.642.0600    FAX NO.: 310.642.4710<br>ATTORNEY FOR (Name): STEVE COTTON | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
STEVE COTTON v. COUNTY OF LOS ANGELES, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): Excessive Force, Assault and battery, Failure to train & supervise, Unlawful
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 01/28/2019

JAAYE PERSON-LYNN, ESQ.
_____
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: STEVE COTTON v. COUNTY OF LOS ANGELES, et. al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES  TIME ESTIMATED FOR TRIAL 7   ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.0<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: STEVE COTTON v. COUNTY OF LOS ANGELES, et. al. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☑ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach –Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: STEVE COTTON v. COUNTY OF LOS ANGELES, et. al. | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: STEVE COTTON v. COUNTY OF LOS ANGELES, et. al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☑3. ☑4. ☐5. ☐6. ☐7. ☐8. ☑9. ☐10. | ADDRESS: |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __01/28/2019__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Steve Cotton v. County of Los Angeles, et al
CASE NO.:

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 444 South Flower Street, Suite 1800, Los Angeles, California, 90071.

On **April 23, 2019,** I served the foregoing document described **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1441(a) AND 1446(a); AND DECLARATION OF ANTONIO K. KIZZIE** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]    **BY PERSONAL DELIVERY**: I caused such document to be delivered by hand at Court to the addressee.

[ X ]    **BY MAIL**: I caused such envelope to be deposited in the mail at Los Angeles, California, with first class postage thereon fully prepaid. I am readily familiar with the business practice for collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the Ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit.

[ ]    **BY FACSIMILE TRANSMISSION**: I caused such documents to be transmitted to the offices of the addressee via facsimile machine, on the date specified above. The facsimile machine telephone number I used, 213-489-0552, was in compliance with Rule 2003(3) and the transmission was reported as complete without error. Pursuant to Rule 2008(e), I caused a copy of the transmission report to be properly issued by the transmitting facsimile machine.

[ ]    **BY OVERNIGHT EXPRESS DELIVERY**: I am "readily familiar" with the firm's practice of collection and processing correspondence for Overnite/Federal Express. Under that practice, it would be picked up by a representative on that same day, in the ordinary course of business and would be delivered the next business day.

[✓]    (Federal) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 23, 2019,** Los Angeles, California.

DANIELLE HERNANDEZ

Steve Cotton v. County of Los Angeles, et al
CASE NO.:

# MAILING ADDRESS

Jaaye Person-Lynn, Esq.
PERSON-LYNN LAW OFFICE
200 Corporate Pointe, Ste. 495
Culver City, CA 90230

Attorney for Plaintiff